UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| ADAM FENDER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:18-cv-18-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MIKE HUMPHREY, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**I**

Adam Fender was arrested and sent to Carroll County Jail. [R. 9.] While in prison he alleges he nearly died due to the prison's failure to treat his medical condition. *Id*. So, he sued in Kentucky state court seeking compensation for his damages. *Id.* That case was dismissed for failure to state a claim. *Id.* Fender failed to appeal, and a final judgment was entered. *Id.* Now Fender seeks a second bite at the apple by adding constitutional law claims, adding defendants, and filing in federal court. [R. 1.] But the Defendants have moved to dismiss because Fender was already given a full and fair opportunity to ligate his claim. [R. 7, 8.] The Court agrees. He will not be given another.

**II**

This Court is required "to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Because Kentucky courts would apply claim and issue preclusion to bar Fender's claims they must be dismissed. The Court explains each in turn.

# A

Claim preclusion "bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action." *Yeoman v. Commonwealth of Ky., Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998). To invoke claim preclusion a defendant must show: (1) identity of the parties; (2) identity of the cause of action; and (3) the previous action was resolved on the merits." *Id.* Actual identity of the parties is not required. *Id.* Instead, a defendant who was a non-party to the previous suit must only show that they are "in privity with a party from the prior suit such that the [. . .] public interest in bringing an end to litigation and the individual's interest in freedom from multiple and vexatious litigation of the same cause—are served." *Wayne County Hosp., Inc., v. Jakobson*, 567 Fed.Appx. 314 (6th Cir. 2014) (citing *BTC Leasing Inc. v. Martin*, 685 S.W.2d 191, 197-98 (Ky.Ct.App. 1984).

Here, actual identity exists for Jailer Mike Humphrey in both his individual and official capacity. [R. 9 at 7.] And privity of identity attaches to the claims against the remaining Defendants in their official capacities. Such privity exists because Fender named Carroll County as a defendant in the original action and "individuals sued in their official capacities stand in the shoes of the entity they represent." *See Alkire v. Irving,* 330 F.3d 802, 810 (6th Cir. 2003). Therefore, Fender's official capacity claims are just repackaged claims against the County. Fender's factual allegation are identical to those presented before, and any and all theories of recovery stated in this case should have been raised in his previous action. *Armour v. McCalla*, 16 Fed. Appx. 305, 306 (6th Cir. 2001) (applying the same transaction or occurrence approach for *res judicata* as Kentucky). Since those claims were dismissed with prejudice in state court for failure to state a claim, Fender cannot resuscitate them now.

**B**

A plaintiff can be barred by issue preclusion from bringing a claim against a non-party to the original suit. *Yeoman*, 983 S.W.2d at 465. But to do so the defendant must show: (1) the issue in the second case were the same as the issue in the first case; (2) the issue has been litigated; (3) the issue was decided; (4) decision on the issue in the prior action must have been necessary to the court's judgment. *Id.* (citing Restatement (Second) of Judgments S. 27 (1982)). The Defendants have satisfied their burden of showing that Fender's claims satisfy all four prongs.

The identical issues are presented in both of Fender's cases—his treatment while in prison. The addition of a deliberate indifference constitutional law claim only creates a distinction without a difference. Indeed, the only change is Fender's burden of proof for his constitutional law claim is higher.[1] And after full briefing on his allegations of unlawful treatment in state court, Fender's claims were dismissed with prejudice for failure to state a claim on which relief could be granted. The court could not have made its ruling without determining that the Defendants' conduct was not grossly negligent—less than what Fender would have to now prove. *Richmond v. Huq*, 885 F.3d 929 (6th. Cir. 2018). Fender cannot now charge that he was not given a full and fair opportunity to litigate his case, particularly, whereas here, he chose not to appeal the trial court's ruling. *Berrier v. Bizer*, 57 S.W.3d 271, 281 (Ky.2001).

**III**

Kentucky courts apply *res judicata* when the public has an interest in bringing an end to litigation and to prevent multiple and vexatious litigation from the same cause. *Barnett v.*

---

[1] What is more, Kentucky only requires notice pleading not a showing of plausibility.

*Commonwealth, Ky.*, 348 S.W.2d 834, 835 (1961).  Both these concerns animate the Courts decision today.  The state court fairly determined that Fender's complaint failed to state a claim upon which relief can be granted.  This Court must be faithful to that determination.  Accordingly, and being sufficiently advised, the Defendants' Motion to Dismiss **[R. 7, 8]** are **GRANTED**, and the Court will enter judgment contemporaneously herewith.

This the 13th day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge

4